[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff herein, Local 1198 International Association of Firefighters (plaintiffs), have brought an Order to Show Cause why a Temporary Injunction should not issue against the Allingtown Fire District (defendants) enjoining the defendants from reducing the minimum manpower from six (6) firefighters on duty to five (5) firefighters on duty, thereby maintaining and preserving the status quo protecting the plaintiffs from irreparable harm to which they have no remedy at law until the date for the hearing for the order to show cause why a temporary injunction should not be issued.
The defendants herein have filed a Motion to Dismiss. The motion is a three-fold one but the parties have agreed that only the claim that the court lacked subject matter jurisdiction would be heard. The parties have appeared before the court and have made oral arguments as to their respective positions.
The basis of the defendant's motion is that the court is jurisdictionally barred by Connecticut's Little Norris-LaGuardia Act and the Connecticut General Statutes. It is the plaintiff's contention that while the court is precluded from hearing the underlying matter or labor dispute, it is not precluded from hearing whether a temporary injunction should issue until the labor dispute is decided by the State Labor Relations Board.
The defendants argue further that the plaintiff has not exhausted its administrative remedies. The plaintiff contends, however, that because of scheduling problems and the time involved, such a preliminary hearing before the Labor Relations Board could not be held and a determination made regarding the issuance of a cease and desist order before any final decision can be made on the merits of the labor dispute.
The defendant, in its brief, seems to be arguing the merits of whether a temporary injunction should issue. This question is not before the court at this time. The only question now is whether this court has jurisdiction to issue a temporary injunction.
Section 31-115 of the Connecticut General Statutes reads in pertinent CT Page 14223 part as follows:
 "No Court shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute except after the testimony of witnesses in open court with opportunity for cross examination in support of the allegations of a complaint made under oath and testimony in opposition thereto if offered and except after a finding of facts by the court to the effect."
The statute then goes on to recite what findings of fact are necessary for the court to issue any injunction.
By the very language of the statute "except after a hearing" one must come to the conclusion that the court may issue or not issue a temporary injunction after a hearing is held and certain facts are found or not found. The Little Norris-LaGuardia Act, i.e., Chapter 362, Sections 31-112
through 31-121a of the Connecticut General Statutes, does not strip the court of jurisdiction but merely sets forth the circumstances upon which the court may act and sets forth the findings that must be made before the court may issue any temporary or permanent injunction.
Our Supreme Court in Loews Enterprises, Inc. v. International Allianceof T.S.E., 127 Conn. 415, 420, stated that:
 "Chapter 309a employs a rather unusual terminology. It in terms denies the court's `jurisdiction' to issue in labor disputes injunctions which restrain certain acts, and to issue other temporary or permanent injunctions except upon certain specified conditions. Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . The act does not deny to courts the power to hear and determine actions seeking injunctions in labor disputes but only limits them in the exercise of that power. The essence of the act is not to take away from courts jurisdiction in the usual meaning of that word over actions seeking injunctions in labor disputes but to forbid them to issue injunctions of a certain character or unless certain conditions are found to exist."
(Internal quotations and citations omitted)
Thus, the court finds that it has jurisdiction to entertain the CT Page 14224 application.
There remains for the court to determine the question of the exhaustion of administrative remedies. From the argument made to the court, the problem of scheduling such a motion to cease and desist appears to be of insurmountable proportions. In the case of Local 834 InternationalAssoc. of Firefighters AFL-CIO v. City of Bridgeport, (CV9B 0351914S, Skolnick, J.), the court stated "the plaintiff is not required to exhaust a remedy that is futile or inadequate."
The defendant's Motion to Dismiss is hereby denied.
The Court
 By ___________________ Curran, J.